JASON WORCESTER             }
                                      }
      Plaintiff,                }
                                        }
v.                                  }
                                      }     Case File No. 2:12-cv-00328-NT
PAN AM RAILWAYS, INC.      }
and                                 }
KENNETH H. PELLETIER,     }
                                      }
      Defendants.           }

## <u>DEFENDANTS' MOTION TO DISMISS DEFENDANT KENNETH H. PELLETIER WITH INCORPORATED MEMORANDUM OF LAW</u>

Defendants Pan Am Railways, Inc., and Kenneth H. Pelletier move to dismiss Plaintiff's

Complaint against Defendant Kenneth H. Pelletier for failure to state a claim upon which relief

can be granted and submit the following memorandum in support of their motion.

### <u>Introduction</u>

Plaintiff Jason Worcester ("Plaintiff") asserts a cause of action against Defendants for

violation of the Federal Rail Safety Act ("FRSA"). 49 U.S.C. § 20109.  Defendants submit that

pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims as against Defendant Kenneth H. Pelletier

must be dismissed.

Plaintiff filed an administrative complaint with the Occupational Safety and Health

Administration ("OSHA") on March 2, 2012, naming Pan Am Railways as the sole respondent.

Plaintiff alleged that Pan Am Railways violated the FRSA by terminating Plaintiff after he

engaged in the protected activity of refusing to work until his safety concerns regarding a oil spill

were addressed, and by speaking directly with a Department of Environmental Protection official

on-site.  Notably, Plaintiff did not name Defendant Pelletier as a respondent in the complaint made to OSHA.  The Plaintiff's complaint to OSHA specifically stated that it was his "formal complaint against Pan Am Railways under the Federal Safety Railway Act."  (Exhibit 1 to Complaint at p. 1).  In addition, in the conclusion of his OSHA complaint, Plaintiff states that "[r]espondent truly does not see the error of its ways . . . ."  (Exhibit 1 to Complaint at p. 11).  The Plaintiff also references the fact that "the Carrier nonetheless ensured Mr. Worcester's silence . . . ."  (Exhibit 1 to Complaint at p. 11).  Because Plaintiff failed to name Defendant Pelletier as a respondent in the OSHA complaint, Plaintiff has failed to exhaust his administrative remedies against Defendant Pelletier, and therefore, his claims as alleged against Defendant Pelletier must be dismissed.

## ARGUMENT

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court assessing a claim's sufficiency has no obligation to take the allegations of the complaint on blind faith; "[d]espite the highly deferential reading which [the court] accord[s] a litigant's complaint under Rule 12(b)(6), [the court] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation."  *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).  Moreover, plaintiffs must meet certain minimum pleading standards, as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  As explained by the *Ashcroft* Court, the pleading rules require "more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Id*. at 678 (citing *Twombly*, 550 U.S. 544, 555 (2007)).  Instead, two principles govern whether a complaint survives a motion to dismiss.  First, the Court should not assume the truth of conclusory allegations.  *Id*. at 663 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citing *Twombly*, 550 U.S. at

555).  Second, the complaint must state a "plausible claim for relief."  As required by Federal

Rule of Civil Procedure 8, "where the well-pleaded facts do not permit more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is

entitled to relief." *Ashcroft*, 550 U.S. at 664.

I.   **Plaintiff's Complaint Against Defendant Pelletier Must Be Dismissed Because He Failed to Allege Or Proffer Facts Which Show That He Exhausted His Administrative Remedies With Respect to Defendant Pelletier.**

A.  **Required Procedures of the FRSA**

Plaintiff's Complaint as against Defendant Pelletier must be dismissed, as Plaintiff has

failed to state a plausible claim for relief against Defendant Pelletier.  Plaintiff has brought a

claim against Defendant Pelletier pursuant to the FRSA, but has failed to follow the procedures

set forth in the FRSA and its regulations, and has therefore failed to exhaust his administrative

remedies as against Defendant Pelletier.  While the FRSA may allow the Plaintiff to bring a

claim against individuals, rather than entities alone, Plaintiff is still required to exhaust his

administrative remedies for each claim he seeks to assert against each defendant pursuant to the

FRSA.

The procedures for filing a complaint pursuant to the FRSA are found at 49 U.S.C. §

20109(d).  Pursuant to the FRSA, a complainant must first file an FRSA complaint with OSHA.

*Id*.  The FRSA regulations provide specific procedures which are then followed by the

complainant, respondent and OSHA.  29 C.F.R. § 1982.100-105.[1]  After the complainant files his

FRSA complaint with OSHA, the regulations direct the Assistant Secretary to notify the

respondent of the filing by providing the respondent with a copy of the complaint, and also to

---

[1] The regulations provide that an OSHA complaint must be filed within 180 days of the alleged violation.  Because the alleged violation occurred on October 7, 2011, the Plaintiff cannot now amend his OSHA complaint to include Defendant Pelletier.

notify the respondent of its rights under the FRSA. 29 C.F.R. § 1982.101, 1982.104. The regulations define "respondent" as "the person alleged to have violated NTSSA or FRSA." 29 C.F.R. § 1982.101.

The language of the FRSA and its regulations provide administrative exhaustion requirements for complainants wishing to file an FRSA complaint in federal court. Pursuant to the FRSA, a complainant can only file a lawsuit alleging a violation of the FRSA in federal district court when the Secretary of Labor has issued a final decision on the plaintiff's OSHA charge, or when the Secretary has not issued a final decision within 210 days of the filing of the OSHA complaint. 49 U.S.C. § 20109(d)(3). While Plaintiff did originally file his complaint with OSHA on March 2, 2012, and filed his complaint with the federal court after 210 days had elapsed, he named only Defendant Pan Am as respondent in the OSHA complaint, and failed to at any time name Defendant Pelletier as a respondent in the underlying OSHA complaint.

In his complaint to OSHA, the Plaintiff titled the complaint as "Jason Worcester v. Pan Am Railways." (Exhibit 1 to Complaint at p. 1). The Plaintiff also stated "[p]lease consider this Mr. Worcester's formal complaint against Pan Am Railways under the Federal Rail Safety Act. . . . ." (Exhibit 1 to Complaint at p. 1). Further, Plaintiff stated that "[r]espondent just feels it has an unfettered iron fist with which it can rule its employees . . . " clearly referring solely to Defendant Pan Am. (Exhibit 1 to Complaint at p. 1). In the section titled "Proposed Findings" the Plaintiff stated that "[r]espondent is a railroad carrier within the meaning of 49 U.S.C. §§ 20109 and 20102" and "[r]espondent employed Complainant as a Signal Foreman." (Exhibit 1 to Complaint at p. 6). Among the numerous other references to "respondent", it is evident that Plaintiff was only referring to Pan Am, and not Defendant Pelletier. In fact, the only time that Defendant Pelletier was mentioned in the OSHA complaint was in the "Statement of Facts"

section, and Pelletier was only referred to as a "high level supervisor" and not as a respondent. (Exhibit 1 to Complaint at p. 2).

**B. Plaintiff Was Required to Name Defendant Pelletier In His Administrative Complaint**

Federal courts examining whistleblower claims have repeatedly held that the failure to name a defendant as a respondent in an underlying administrative complaint is grounds for dismissal, and it is insufficient to merely mention an individual in the body of an administrative complaint. *Bridges v. McDonald's Corp.*, 2009 WL 5126962, at *4 (N.D. Ill. Dec. 21, 2009); *Bozeman v. Per-Se Tech, Inc.*, 456 F.Supp.2d 1282, 1357 (N.D. Ga. 2006); *Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624, at *8 (S.D. Fla. March 31, 2009); *Levi v. Anheuser-Busch Co.*, 2008 WL 4816668, at *3 n. 4 (W.D. Mo. Oct. 27, 2008); *Smith v. Corning Inc.,* 2007 WL 2120375, at *2 (W.D.N.Y. July 23, 2007). While courts have not addressed the failure to name a defendant as a respondent in an OSHA complaint pursuant to the FRSA, courts have addressed this same issue in the context of Sarbanes Oxley ("SOX"), and the same rationale applies to the federal whistleblower claim brought by the Plaintiff pursuant to the FRSA. *Bozeman*, 456 F.Supp.2d at 1356, n. 155 (in the absence of case law interpreting the specific federal whistleblower statute at issue, courts "look to case law interpreting provisions of other similar federal whistleblower statutes for guidance in ascertaining Congress' intent.") Like the FRSA, SOX is a federal whistleblower statute governed by administrative exhaustion procedures almost identical to those controlling the FRSA. *See* 18 U.S.C. § 1514A(b)(1)(A)). Both SOX and the FRSA require a plaintiff who wishes to bring a cause of action in federal court to first file a complaint with OSHA and allow OSHA the opportunity to resolve the allegations administratively. *See Bozeman*, 456 F.Supp.2d at 1356; 49 U.S.C. § 20109(d); 18 U.S.C. § 1514A(b)(1)(A)).

For example, in *Bozeman*, the plaintiff filed a lawsuit in federal court against his employer and several employees alleging that the defendants retaliated against him in violation of SOX for reporting financial irregularities to the Securities and Exchange Commission. 456 F.Supp.2d at 1288. The court held that because the plaintiff failed to name the individual employees as respondents in the underlying OSHA complaint, the complaint against the employees had to be dismissed. The court reasoned that because the employees were not named in the OSHA complaint, OSHA was not afforded an opportunity to investigate or resolve the plaintiff's allegations through the required administrative process, and therefore, the plaintiff had failed to exhaust his administrative remedies as required by SOX. *Id*. at 1357. Although the plaintiff argued that because one of the employees was named in the body of the administrative complaint, and was described as playing a role in the retaliation, the employees were included in the OSHA complaint, the court found this argument "uncompelling." *Id.*

In a similar SOX case, a court held that because the plaintiff failed to name the individual defendants as respondents in the underlying OSHA complaint, the federal complaint as against the individual defendants had to be dismissed. *Hanna v. WCI Communities, Inc.*, 2004 U.S. Dist. LEXIS 25652, at *7-9 (S.D. Fla. Nov. 15, 2004). The court held that merely mentioning an individual defendant in the body of the administrative complaint as an actor, rather than naming his as a respondent in the heading of the administrative complaint is insufficient, as it fails to afford OSHA the opportunity to resolve the complaint through the administrative process. *Id*. at *8. The court provided, that "[e]ven if the court assumed that [the individual defendant] was placed on notice that he had allegedly violated the law, that notice has no consequence as to whether OSHA was placed on notice that it was required to investigate [the defendant's] actions in this case." *Id.* Because OSHA was not placed on notice, OSHA was never provided an

opportunity to issue a final decision within 180 days of the filing of the administrative complaint. *Id*. at *9.

## CONCLUSION

In this case, Plaintiff failed to name Defendant Pelletier in the administrative complaint made to OSHA on March 2, 2012. Plaintiff repeatedly referred to Pan Am as the sole respondent, and only named Pan Am as respondent in the title of the administrative complaint. Because Plaintiff failed to name Defendant Pelletier as a respondent in the OSHA complaint, OSHA lacked the opportunity to carry out its administrative duties to investigate or resolve any claims as against Defendant Pelletier. Based on the weight of authority outlined above, Plaintiff failed to exhaust his administrative remedies as is required by the FRSA prior to filing a FRSA whistleblower complaint in federal court when he failed to name Defendant Pelletier as a respondent in his OSHA complaint. Because the Plaintiff has failed to allege or even argue that he has satisfied the administrative exhaustion requirements of the FRSA with respect to his claims against Defendant Pelletier, his claims as alleged against Defendant Pelletier must be dismissed.

DATED this 18th day of December, 2012.

PAN AM RAILWAYS, INC.

/s/Glen L. Porter
Glen L. Porter, Bar No. 849
EATON PEABODY
80 Exchange Street
P.O. Box 1210
Bangor, ME 04402-1210
(207) 947-0111

/s/Megan E. Randlett
Megan E. Randlett, Bar No. 4858
EATON PEABODY
80 Exchange Street
P.O. Box 1210
Bangor, ME 04402-1210
(207) 947-0111

Attorneys for Defendants