UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JASON WORCESTER }
}
    Plaintiff, }
}
v. }
} Case File No. 2:12-cv-00328-NT
SPRINGFIELD TERMINAL }
RAILWAY COMPANY }
}
    Defendant. }

RECEIVED 5/24/13

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

1.    Exhibit A constitutes a true and accurate copy of the Transcript of the Trial Hearing conducted on November 16, 2011.

   Despite making reasonable inquiry, the information known to or readily available to Defendant does not allow the Defendant to either admit or deny that Exhibit A is a true and accurate copy as described. Defendant's position has several bases: (1) there was no trial hearing conducted on November 16, 2011, rather there was an investigatory hearing; (2) the witnesses at the investigatory hearing were not sworn in and their testimony was not under oath; (3) the investigative hearing was recorded on tape and the transcript was prepared from the tape by an unidentified typist in the Defendant's offices in North Billerica, Massachusetts; (4) the accuracy of the transcript of the investigatory hearing is unknown to the Defendant; and (5) neither the Plaintiff or the Defendant is in a position to authenticate the accuracy of the transcript.

2.    Exhibit B constitutes a true and accurate copy of the verbal statement given by Kenneth Pelletier on September 6, 2012, to the OSHA Investigator from the Department of Labor.

   Despite making reasonable inquiry, the information known to or readily available to Defendant does not allow the Defendant to either admit or deny that Exhibit B is a true and accurate copy as described. Defendant's foregoing position has several bases: (1) Defendant does not know how Kenneth Pelletier's verbal statement was recorded and/or transcribed by the OSHA Investigator; (2) Kenneth Pelletier was not sworn in nor was his statement to the OSHA Investigator under oath; (3) the accuracy of the copy of Kenneth Pelletier's verbal statement to the OSHA Investigator is unknown to the Defendant; and (4) neither the Plaintiff or the Defendant is in a position to authenticate the accuracy of the verbal statement.

3.  <u>Exhibit C</u> constitutes a true and accurate copy of the transcript of the verbal statement given by Kenneth Pelletier on September 6, 2012, to the OSHA Investigator from the Department of Labor.

    Despite making reasonable inquiry, the information known to or readily available to Defendant does not allow the Defendant to either admit or deny that <u>Exhibit C</u> is a true and accurate copy as described. Defendant's foregoing position has several bases: (1) Defendant does not know how Kenneth Pelletier's verbal statement was recorded and/or transcribed by the OSHA Investigator; (2) Kenneth Pelletier was not sworn in nor was his statement to the OSHA Investigator under oath; (3) the accuracy of the transcript of Kenneth Pelletier's verbal statement to the OSHA Investigator is unknown to the Defendant; and (4) neither the Plaintiff or the Defendant is in a position to authenticate the accuracy of the transcript.

4.  <u>Exhibit D</u> constitutes a true and accurate copy of the Administrative Consent Agreement executed by defendant December 22, 2009.

    **ADMITTED.**

5.  On March 23, 2009, defendant was convicted by a jury with violating the Massachusetts Oil and Hazardous Material Release Prevention Act.

    **ADMITTED.**

6.  On March 23, 2009, defendant's parent company, Pan Am Railways, was convicted by a jury with violating the Massachusetts Oil and Hazardous Material Release Prevention Act.

    **ADMITTED.**

7.  The March 23, 2009, guilty verdict stemmed from defendant failing to immediately report a fuel spill.

    **ADMITTED.**

8.  The March 23, 2009, guilty verdict stemmed from defendant's parent company, Pan Am Railways, failing to immediately report a fuel spill.

    **ADMITTED.**

9.  On May 31, 2009, defendant was sentenced to pay $125,000 in fines in connection with the March 2009 guilty verdict.

    **ADMITTED.**

10. On May 31, 2009, defendant was sentenced to three years probation in connection with the March 2009 guilty verdict.

    **ADMITTED.**

11. On May 31, 2009, defendant's parent company, Pan Am Railways, was sentenced to pay $125,000 in fines in connection with the March 2009 guilty verdict.

    **ADMITTED.**

12. On May 31, 2009, defendant's parent company, Pan Am Railways, was sentenced to three years probation in connection with the March 2009 guilty verdict.

    **ADMITTED.**

13. The probation placed on defendant included the following conditions:

    a. within 90 days, the defendants must adopt and implement an education and training program in environmental compliance for all company officers and employees.

    **ADMITTED.**

14. The probation placed on defendant's parent company, Pan Am Railways, included the following conditions:

    a. Within 90 days, the defendants must adopt and implement an education and training program in environmental compliance for all company officers and employees;

    **ADMITTED.**

15. Defendant and its parent company appealed the March 23, 2009, guilty verdict at multiple levels.

    **ADMITTED.**

16. All of the appeals of the March 2009 guilty verdict were denied, and the verdict and sentence were affirmed.

    **ADMITTED.**

3

DATED at Bangor, Maine this 22nd day of May, 2013.

                                             SPRINGFIELD TERMINAL
                                             RAILWAY COMPANY

                                             BY_____
                                             Glen L. Porter, Esq.
                                             Maine Bar No. 849
                                             Eaton Peabody
                                             80 Exchange Street
                                             P.O. Box 1210
                                             Bangor, ME 04402-1210
                                             (207) 947-0111

## CERTIFICATE OF SERVICE

I, Glen L. Porter, Esq., hereby certify that a true and correct copy of Defendant's Responses to Plaintiff's Requests for Admissions was served on Plaintiff's counsel of record by U.S. First Class Mail this 22nd day of May, 2013 to the following addresses:

Mark T. Wietzke, Esq.
Flynn & Wietzke, P.C.
1205 Franklin Ave., Suite 370
Garden City, NY  11530

George Royle, V, Esq.
DRUMMOND WOODSUM & MACMAHON
84 Marginal Way
Portland, ME  04101-2480

_____
Glen L. Porter